Dear Senator Boatner,
The Attorney General has received your request for an opinion wherein you ask, in effect, the following questions:
 1. Are "Water Enforcement Officers" entitled to a monthly cleaning and maintenance allowance for uniforms as prescribed in 47 O.S. 2-130 (1978) for each officer and patrolman of the Highway Patrol Division?
 2. May the Commissioner of the Department of Public Safety authorize the allowance mentioned without specific statutory authority?
 3. When a "Water Enforcement Officer" performs duties as a patrolman under 63 O.S. 825.1(B) (1978), would the allowance be justified as additional remuneration?
In order to answer your questions, reference must be made to the following statutory provisions.
Title 47 O.S. 2-130 (1978) provides:
 "A Forty-five Dollar ($45.00) per month expense allowance for maintenance and cleaning of uniforms shall be paid to each officer and patrolman of the Highway Patrol Division and a Thirty-two Dollar and fifty cent ($32.50) per month expense allowance for maintenance and cleaning of uniforms shall be paid to each dispatcher of the Safety Communications Division and a Thirty-five Dollar ($35.00) per month expense allowance for maintenance and cleaning of uniforms shall be paid to each examiner of the Driver's License Division."
Title 63 O.S. 825.1 (1978) provides:
 "A. Subject to state laws providing for a Merit System of Personnel Administration and regulations adopted pursuant to said laws, the following positions and minimum and maximum salaries for such positions are created in the Department of Public Safety Waterways Patrol Division as established by 63 O.S. 825 of this title:
MINIMUM MAXIMUM
 1 Captain $10,560.00 $17,208.00 3 Supervisors 10,500.00 15,036.00 16 Highway Patrolmen 10,500.00 14,340.00 10 Water Enforcement Officer II 7,200.00 11,220.00 2 Water Enforcement Officer II Boat Mechanic 7,200.00 11,220.00 13 Water Enforcement Officer I 7,200.00 10,680.00 20 Water Enforcement Officer I Seasonal 6,060.00 9,240.00
 The Commissioner of Public Safety shall have authority to appoint employees to positions created in this section and prescribe duties and compensation of such employees within the amounts authorized. The positions and salaries set out above shall become effective July 1, 1978. Provided, that, effective July 1, 1978, all full-time Water Enforcement Officers I and II in each of the positions set out above shall receive, in lieu of other state salary programs which are to be effective July 1, 1978, a salary increase of Sixty-five Dollars ($65.00) per month. Other than for the purposes of carrying out the duties and functions of the Waterways Patrol Division, as provided by law, the lieutenant, the supervisors and the highway patrolmen assigned to the Waterways Patrol Division shall be considered, for all other purposes, as members of the Oklahoma Highway Patrol Division.
 B. All Water Enforcement Officers shall have, in addition to their primary duty, a secondary duty to police those areas immediately adjacent to the waterways and to make arrests for violations. Such persons shall be required to qualify to perform said additional duties by satisfactorily completing a course of training prescribed by the Commissioner. The provisions of this subsection and the previous subsection shall be conditioned upon the satisfactory completion of said prescribed course of training." (emphasis added)
A plain reading of the above-cited provisions clearly requires that your questions be answered in the negative.
47 O.S. 2-130 is very specific in that it directs the payment in varying amounts to certain separately named groups and, in so doing, does not contain any reference to other uniformed employees nor any language indicating the legislature's intent to include other similarly situated uniformed personnel. Therefore, this section may not be interpreted to include "Water Enforcement Officer."
In McVicker v. Board of County Commissioners of County of Caddo,442 P.2d 297 (Okla. 1968), the Supreme Court of Oklahoma held that if the wording of a provision of a statute or constitution is plain, clear, and unambiguous, its evident meaning must be accepted and there is no reason or justification for the use of interpretative devices to fabricate a different meaning.
Your next question deals with the Commissioner's authority to make uniform allowance payments without specific statutory authorization. The Oklahoma Supreme Court has held that, generally, administrative agencies, boards, commissions, and officials may only exercise the powers or authority specifically granted by the legislature. Boydston v. State,277 P.2d 138 (Okla. 1954). The Attorney General must, therefore, conclude that the commissioner of the Department of Public Safety is not authorized or empowered to allow Department of Public Safety personnel a clothing allowance without specific statutory guidance. This interpretation is also consistent with previous Attorney General's rulings. 7 Op. Att'y. Gen. 90 (Okla.). It must further be noted that the statutes to which you refer were enacted by House Bill No. 1560(5), O.S.L. 1978 Ch. 270 and House Bill No. 1561(7), O.S.L. 1978 Ch. 271, respectively, and each House Bill enacted contained numerous sections specifically directing appropriations to various divisions of the Department of Public Safety, each treated separately. Within these provisions, the Department was specifically limited in the number of employees authorized, their jobs classifications, qualifications and their compensation, without the benefit of any discretionary language to the contrary. Consequently, a broad interpretation of 47 O.S. 2-130 and 63 O.S. 825.1 would clearly defeat the obvious intent of this legislation, since it was designed to strictly control the Commissioner's authority in the expenditure of the Department's appropriations.
Your final question asks if the uniform allowance could be justified as additional remuneration in view of additional duties required of the "Water Enforcement Officer" under 63 O.S. 825.1(B). It is the Attorney General's opinion that the legislature provided for compensation of this secondary duty when it established the salary guidelines of the division proscribed in 63 O.S. 825.1(A) and that no additional allowance or remuneration would be justified when a "Water Enforcement Officer" qualified for or performed his statutorily delineated, secondary duty.
It is, therefore, the opinion of the Attorney General that 47 O.S.2-130 (1978) does not specifically provide for the payment of a monthlycleaning and maintenance allowance for "Water Enforcement Officers"; theCommissioner of the Department of Public Safety is precluded from makingsaid payment without specific statutory authority; and, an allowancewould not be justified as additional compensation for the performance ofsecondary duties under 63 O.S. 825.1(B) (1978).
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
WILLIAM S. FLANAGAN, ASSISTANT ATTORNEY GENERAL